In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-13-00475-CR
_____


ELTON DAVIS III, Appellant

V.

THE STATE OF TEXAS, Appellee


**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 99119**


**MEMORANDUM OPINION**

In this appeal, the appellant's court-appointed appellate counsel submitted a brief in which counsel contends that no arguable grounds can be advanced in Elton Davis III's appeal from his conviction for possessing a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2010).[1] Based on our review of

---

[1]We cite to the current version of the statute as the subsequent amendment does not affect the outcome of this appeal.

the record, we agree that no arguable issues exist to support Davis's appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

Davis was found guilty of possessing a controlled substance, sentenced to five years in prison, and assessed a $500 fine. However, the trial court suspended Davis's sentence and placed him on community supervision for five years. Several years later, the State filed a motion asking the trial court to revoke its decision placing Davis on community supervision. During the hearing on the State's motion, Davis pled "true" to violating two of the terms of the trial court's community supervision order. The trial court granted the State's motion to revoke and sentenced Davis to five years in prison.

On appeal, Davis's counsel filed a brief presenting counsel's professional evaluation of the record; in the brief, Davis's counsel concludes that Davis's appeal is frivolous. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time to allow Davis to file a *pro se* brief. In response, Davis filed a *pro se* brief, alleging that he did not plead "true" to any of the grounds alleged by the State in its motion to revoke. Davis's claim that he did not plead true to any of the grounds alleged in the State's motion to revoke is not supported by the record of the proceedings that occurred in the trial court.

2

After reviewing the appellate record, the *Anders* brief filed by Davis's counsel, and Davis's *pro se* response, we agree with counsel's conclusion that any appeal would be frivolous. Consequently, we need not order the appointment of new counsel to re-brief Davis's appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

However, we note that the trial court's judgment, signed on October 7, 2013, cites the wrong statute for Davis's conviction. To correct the trial court's clerical error, under the provision in the judgment indicating "Statute for Offense[,]" we substitute "481.115 HS" for the reference the judgment provides of "481.123(d) HS[.]" As this mistake was clerical, and because no arguable grounds for the appeal of Davis's conviction are apparent from the record, the trial court's judgment, as reformed, is affirmed.[2]

AFFIRMED AS REFORMED.

_____
HOLLIS HORTON
Justice

Submitted on July 11, 2014
Opinion Delivered October 1, 2014
Do Not Publish

Before McKeithen, C.J., Kreger, and Horton, JJ.

_____

[2]Davis may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3